# HOOD RUBBER COMPANY *v.* NEEDHAM TIRE COMPANY.

---

### TRADEMARKS; OPPOSITION; SIMILARITY.

1. The registration of a trademark consisting of the word "Arrow," or the picture of an arrow, in no way abridges the right of the general public to use the representation of an arrow as a functional sign.

2. A party seeking to have the trademark of another canceled will not be heard to contend that a third party has a superior right to use the mark. (Following *Standard Brewery Co.* v. *Interboro Brewing Co.* 44 App. D. C. 193.)

3. The essential and prominent part of a trademark consisting of the word "Needham" in block type with the barb and feather of an arrow projecting beyond the ends of the word is the arrow (following *Carmel Wine Co.* v. *California Winery*, 38 App. D. C. 1); and such a

---

NOTE.—On right to use a word substantially similar to that used by another, as trademark or tradename, as affected by difference in appearance in other respects, see note in 12 L.R.A. (N.S.) 729.

mark is not registrable over a prior mark consisting of the word "Arrow" or the picture of an arrow, where both marks are used on automobile tires.

Nos. 1180 and 1181.  Patent Appeals.  Submitted November 14, 1918.  Decided December 2, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents in a trademark cancelation proceeding.  *Reversed.*

The facts are stated in the opinion.

*Mr. James M. Spear* and *Mr. William F. Hall* for the appellant.

*Mr. A. V. Cushman, Mr. Robert Cushman,* and *Mr. Charles D. Woodberry* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

These are trademark cancelation proceedings, each party seeking the cancelation of the other's mark.

The Hood Rubber Company is a manufacturer of automobile tires and has continuously used the word "Arrow," or the picture of an arrow, as a trademark on tires since May of 1914. There is evidence tending to carry its title back to a much earlier date, but, inasmuch as the earliest date claimed by the Needham Tire Company is 1915, it is unnecessary to consider this earlier claim.  The Needham Company is engaged in the same business in contiguous territory, and its mark, apparently adopted with full knowledge of the extensive use by appellant of the arrow mark, consists of the word "Needham" in block type, with the barb and feather of an arrow projecting beyond the ends of the word.  The marks clearly conflict, for the arrow in the Needham mark is an essential and prominent part of that mark.  *Carmel Wine Co. v. California Winery,* 38 App. D. C. 1.

The Examiner of Interferences dismissed the Needham Com-

pany's petition for cancelation, and sustained that of the Hood Company. On appeal an assistant Commissioner canceled the registration of the Hood Company, ruling "that the arrow is not and never was anybody's trademark, or could have been, because it is one of the widest known and most used functional signs in existence." Thereupon he dismissed the petition of the Hood Company, holding that inasmuch as it had no trademark right in an arrow, "it becomes immaterial whether the registered mark (of the Needham Company) is likely to be confused with an arrow." The result, therefore, is that the registration of the company first to adopt the mark is canceled, while the registration of the company last to adopt is permitted to stand.

The evidence clearly shows that appellant has used the arrow mark as a trademark, and not as a functional sign, and we see no reason why its rights should not be protected. The use of this mark by appellant can in no way abridge the right of the general public to use the representation of an arrow as a functional sign. Anyone who in good faith desires to use that sign may do so, without the slightest danger of infringing appellant's mark.

It is further contended that persons other than the Hood Company and the Needham Company have used the word "Arrow," or the picture of an arrow, as a trademark in a manner analogous to its use by these parties, but that question may not be raised by appellee. *Standard Brewery Co.* v. *Interboro Brewing Co.* 44 App. D. C. 193. In that case we said: "We do not think the statute contemplates that a mere interloper may invoke its provisions. The statute was intended as a shield to the innocent, rather than as a foil to the guilty. The appellee, on its own showing, has no right whatever to the use of this trademark. How, then, can it be injured by its registration by the appellant? It is not concerned with the question whether the appellant's right to the mark is superior to that of the third party. If that party deems itself injured by the registration, it may invoke the provisions of this statute,

but certainly an interloper and wrongdoer has no standing to invoke it."

The registration of the Needham Tire Company will be canceled and that of the Hood Rubber Company will be sustained.

*Reversed.*